IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LI MING CHEN | * | |
|     Petitioner, | | |
| v. | * | CIVIL ACTION NO. ELH-14-2282 |
| GARY MUMFORD | * | |
| DOROTHY HERRERA-NILES | | |
| JEH JOHNSON | * | |
| ERIC HOLDER | | |
|     Respondents. | * | |

*****

MEMORANDUM

This counseled 28 U.S.C. § 2241 petition for habeas corpus relief attacking the detention of Lim Meng Chen was received for filing, along with the $5.00 filing fee, on July 17, 2014. The petition challenges the "construction" or interpretation of the mandatory detention statute under the provisions of Immigration and Naturalization Act ("INA") § 236, 8 U.S.C. § 1226(c). Counsel claims that Chen is housed in immigration custody at the Worchester County Detention Center, and that Chen's continued detention violates his Fifth Amendment rights. Chen seeks immediate release from confinement.

Under the facts presented in the petition, Chen is a native of China and has been in the United States since July of 2011. It is alleged that on December 5, 2013, he was convicted in a Maryland state court of first-degree assault and received a sentence of five years probation, the first two years to be supervised and the remainder to be served unsupervised. Chen contends that the probationary period was imposed in December of 2013 and has not yet concluded. He maintains he was taken into Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") custody on or about December 9, 2013, and is being held in mandatory detention under 8 U.S.C. § 1226(c). He argues, however, that he cannot be held in such status because he was not

released from post-conviction physical custody.  Indeed, he seemingly asserts that such a contention was unsuccessfully argued before an Immigration Judge ("IJ") in Baltimore, Maryland on April 24, 2014.  See ECF No. 1 at p. 5, ¶ 17.  Chen further argues that he is entitled to a bond hearing due to his prolonged detention under the mandatory detention category.

Upon review of the Maryland Judiciary website, the court observes that a custodial sentence was imposed in Chen's case.  He pled guilty to first-degree assault in the Circuit Court for Anne Arundel County on December 5, 2013, and was sentenced to a three-year term in the Maryland Division of Correction, with all but 93 days suspended.  Chen was given credit for the 93 days he served at the Anne Arundel County Detention Center (time served),  a 5-year probationary period, and ordered to have no contact with the victim.  *See State v. Chen*, Case Number 02K13001807 (Circuit Court for Anne Arundel County).

Insofar as Chen is raising a constitutional challenge to his continued pre-removal detention, the court shall summarily dismiss the action.  Until a decision is rendered on Chen's removal, his detention is governed by 8 U.S.C. § 1226, which applies to an alien whose removal is sought but not yet determined.  Once the removal decision is final, detention during the removal period is governed by 8 U.S.C. § 1231.

Both statutes permit ICE to release certain aliens and detain others, and both classify categories of aliens subject to mandatory detention language found in 8 U.S.C. § 1226(c).  In *Demore v. Kim,* 538 U.S. 510 (2003), the Supreme Court found that the mandatory detention of an alien under § 1226(c) is a constitutionally permissible part of the removal process for the "limited period" necessary to complete the removal proceedings.  *Id*. at 531.  In sum, *Demore* generally upheld the constitutionality of 8 U.S.C. § 1226, with the caveat that the Attorney General may detain

an alien without conducting an individualized bail hearing where the alien concedes he is removable within the meaning of 8 U.S.C. § 1226(c)(1)(B).  *See Demore,* 538 U.S. at 522-23, 531.

The *Demore* Court distinguished *Zadvydas v. Davis*, 533 U.S. 678 (2001), a case in which the Supreme Court held that an alien subject to a final order of removal could not be indefinitely detained pursuant to 8 U.S.C. § 1231, on the grounds that: (1) an alien detained for the limited period necessary to effect a removal pursuant to § 1226(c) was not detained indefinitely; and (2) mandatory detention pursuant to 8 U.S.C. § 1226(c) was generally of a much shorter duration than "post-removal –period" detention pursuant to § 1231.  *See Demore*, 538 U.S. at 530.

Subsequent to *Demore*, courts have looked to the length and duration of an alien's mandatory detention under  § 1226(c).   For example, in *Tijani v. Willis*, 430 F. 3d 1241 (9th Cir. 2005),  the Ninth Circuit concluded that § 1226(c) applied to "expedited" removal proceedings and found that mandatory detention for a period of two years and four months was not "expeditious."   *See Tijani*, 430 F.3d at 1242; *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1137-38 (9th Cir. 2013). The Ninth Circuit also concluded that the length of the detention must be for a reasonable period and the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1079 (9th Cir. 2006).

At the time this petition was filed Chen had received a bond hearing and been held in ICE custody for over seven months.[1]  The court finds no constitutional violation associated with his

---

[1] Court personnel have been informed by ICE that Chen filed an appeal with the Board of Immigration Appeals ("BIA") from the IJ decision to deny bond at his April 2014 hearing  and that the appeal remains pending.

detention. For these reasons, the 28 U.S.C. § 2241 petition shall be dismissed without prejudice.[2] A separate Order follows.


Date: July 22, 2014            /s/
                                            Ellen Lipton Hollander
                                            United States District Judge

---

[2] There is some question as to whether 8 U.S.C. § 1226(e) divests this court of authority to review the decision of an IJ regarding detention, release, or the grant, revocation or denial of bond or parole under § 1226. *See Matami v. Chertoff*, 467 F. Supp.2d 637, 641 (E.D. Va. 2006); *Galvez v. Lewis,* 56 F.Supp.2d 637, 641 (E.D. Va. 1999. ) Thus, where a petitioner challenges the decision to deny bond under the statute, § 1226(e) precludes judicial review. *See id.; Loa-Herrera v. Trominski,* 231 F.3d 984, 991 (5th Cir. 2000) (finding § 1226(e) precludes judicial review of the "[t]he Attorney General's discretionary judgment regarding the application of parole-including the *manner* in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints").